UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Bethany Notestine,

      Petitioner,                         Case Nos:    1:05-CR-00137-7

v.                                                1:09-CV-00279

United States of America,                   Judge Michael R. Barrett

      Respondent.

OPINION & ORDER

This matter is before the Court on Petitioner Bethany Notestine's Motion under

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 379). The United

States filed a Response (Doc. 394) as ordered by this Court. For the reasons indicated

herein, the Court DENIES Petitioner's Motion.

I.      BACKGROUND

In October, 2006, Notestine was indicted on two counts of a fourteen count

indictment, including one count of conspiring to obtain, transport, and distribute heroin

and cocaine in violation of 21 U.S.C. § 846 and §§ 841(a)(1), (b)(1)(A)(I) and (c), and

one count of being a member of a criminal organization whose members and

associates engaged in acts of violence in violation of 18 U.S.C. § 1959(a)(1) (Doc. 52).

Specifically, the Government alleged that Notestine, and eight other defendants, were

members of the Grimmie Network, an organization with members who conspired to

obtain quantities of heroin and cocaine from sources of supply in New York City and

elsewhere for distribution to persons in Cincinnati, Ohio and elsewhere (*Id.*)

Notestine's role in the conspiracy was to provide her car as transportation for the heroin, and her apartment in Cincinnati as a place where drugs and firearms would be stored, and currency would be counted (*Id.*)

The Government alleged that on or about April 29, 2005, and in furtherance of the conspiracy count, Notestine possessed heroin, firearms, and body armor.  And, that Notestine's role in the greater criminal enterprise of the Grimmie Network was participation in unlawful and other activities in furtherance of the conduct of the enterprise's affairs, and under the direction of a leader of the enterprise (*Id.*)

On November 15, 2006, Notestine was arraigned on two counts of the Indictment (Doc. 121).

Notestine filed a motion to suppress on December 19, 2006, arguing that evidence in her case should be excluded because law enforcement officers searched her home without a search warrant or consent (Doc. 142).  The Government filed its response on January 16, 2007, arguing that the officers were legitimately at the apartment to serve an arrest warrant on Notestine, that they saw marijuana in plain view, and requested to search the apartment, which Notestine agreed to in writing (Doc. 158).  A hearing on the Motion to Suppress was held on January 16, 2007.  The Court filed its Order Overruling  Defendant's Motion to Suppress on January 24, 2007, finding that the consent to search without a warrant was lawfully obtained (Doc. 162).

On May 7, 2007, a plea agreement with Notestine was filed with the Court (Doc. 206), and a change of plea hearing was held ten days later (Doc. 213).  Notestine was sentenced to 120 months on count one, with count two dismissed by the United States

(Doc. 306).  This motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 followed.

## II.  SECTION 2255 CLAIMS

Notestine raises five grounds for relief.

In her first ground for relief, Notestine claims that her offense level was determined by disputed facts in the presentence report that were not included in the statement of facts and that were disproven by evidence in the pre-sentence investigation (Doc. 379).  The Government responded that Notestine was sentenced to the statutory mandatory minimum under Title 21 U.S.C. § 846 and 841(a)(1), and that travel to New York on that trip was not a factor for her sentence (Doc. 394).

Notestine's second ground for relief is that she was improperly given a criminal history point that moved her from a level one to a level two criminal history.  Notestine argues that she was given a point for a misdemeanor marijuana possession on July 4, 2006, which was part of the federal investigation, and should therefore not be counted (Doc. 379).  The Government responded that Notestine's criminal history points were calculated properly, because after review by a probation officer, the July 2006 marijuana possession count was found to have no relationship to the underlying heroin distribution operation (Doc. 394).

Notestine's third ground for relief is that she was a minor participant in the crimes, and should therefore have been given a 2 point decrease for purposes of the Federal Sentencing Guidelines (Doc. 379).  The Government responded that Notestine was sentenced to the statutory minimum, and her position in the conspiracy was neither an enhancing nor mitigating factor (Doc. 394).

The fourth ground for relief is that Notestine was never given her discovery by her attorney.  Specifically, Notestine alleges that there are tapes she never heard, and statements made against her which she was unable to review to prepare for her defense (Doc. 379).  The Government responded that Notestine stated on the record that she had discussed all defenses to her charges and wished to enter a guilty plea (Doc. 394).

Notestine's fifth ground for relief alleges that her rights were violated when federal agents entered her apartment on July 4, 2006, without a search warrant or her permission (Doc. 379).  The Government responded that the Court previously denied Notestine's motion, and that she offers no new evidence or new grounds for the Court to re-consider (Doc. 396).

Based on these claims, Notestine asks this Court to correct her sentence by making the necessary reductions.

III.     ANALYSIS

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003), *citing Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967.

As a general rule, claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows either (1) "cause" excusing his double procedural default and "actual prejudice" resulting from the errors

of which he complains or (2) "actual innocence."  *Massaro v. United States*, 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998); *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).  An ineffective assistance of counsel claim, however, is not subject to the procedural default rule.  *Massaro*, 538 U.S. at 504.  An ineffective assistance of counsel claim may be raised in a collateral proceeding under § 2255, whether or not the movant could have raised the claim on direct appeal.  *Id*.

A defendant's knowing and voluntary waiver of the right to pursue collateral relief in a plea agreement will preclude their ability to file a subsequent motion under 28 U.S.C. § 2255.  *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001).  A defendant can even waive the right to bring an ineffective assistance of counsel claim in a § 2255 proceeding.  *Davila*, 258 F.3d at 450-51.  Additionally, a defendant can waive his right to appeal Sentencing Guideline issues specifically covered by a plea agreement.  *United States v. Mader*, 251 F.3d 1099, 1103 (6th Cir. 2001); *Hunter v. United States*, 160 F.3d 1109, 1113 (6th Cir. 1998).

In this case, Notestine raises three claims related to her sentencing which were waived pursuant to her plea agreement with the Government.  Claims one, two, and three of Notestine's Motion relate to the offense level determination, the number of criminal history points allocated to Notestine, and her status as a minor participant respectively.  Under paragraph five of Notestine's plea agreement, her right to appeal any aspect of her sentence was waived (Doc. 206).

Notestine's fifth ground for relief relates to the search of her home by law enforcement officers.  Notestine procedurally defaulted on this claim because she failed to raise it on direct appeal, and has failed to show either cause excusing the default or any prejudice resulting from the alleged error.  Further, Notestine did not argue, and presented no evidence to show that she was innocent of the charges to which she pleaded guilty.

The sole surviving ground for relief raised by Notestine is that her attorney failed to give her discovery materials which would have helped her prepare for her defense. Although Notestine did not explicitly frame her ground for relief in this way, this claim could arguably raise the issue of ineffective assistance of counsel.

To establish ineffective assistance of counsel, a defendant must show that: (1) his trial counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984).  The first part of this test requires a petitioner to show that her counsel's representation fell below an objective standard of reasonableness.  *Strickland*, 466 U.S. at 687-88, 104 S.Ct. 2052.  The second part of the test requires a petitioner to show that there is a reasonable probablitiy that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  *Id*. At 694, 104 S.Ct. 2052.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice...that course should be followed." *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.   In order to satisfy the prejudice requirement, guilty-pleading defendants must show that there is a reasonable probability that, but for counsel's errors, he would not

have pleaded guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366 (1985).

This Court finds that Notestine failed to show either deficient performance on the part of her attorney, or sufficient resulting prejudice in support of her fourth ground for relief.  Notestine pleaded guilty in this case, and signed a plea agreement which included an acknowledgement that she had reviewed all aspects of the case with her attorney, and that it was in her best interest to enter into the plea agreement instead of proceeding to trial (Doc. 206).  While Notestine claims to have not heard tapes related to her case, nor reviewed statements made against her, there is no evidence in the record to refute her plea agreement acknowledgement that she reviewed these aspects of the case with her attorney, and to show that but for her attorney's failure to provide her with copies of the tapes and statements she would not have pleaded guilty and insisted on going to trial.

IV.     CONCLUSION

Pursuant to Title 28 U.S.C. § 2255, the Court finds that the motions, files, and records of this case conclusively show that Petitioner is not entitled to relief.  Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto.  *Accord Smith v. U.S.,* 348 F.3d 545, 550-51 (6th Cir. 2003).  The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court.

Further, the Court will not issue a certificate of probable cause or appealability. The Court concludes that none of the issues raised by Petitioner in her habeas corpus petition are debatable among reasonable jurists, could be resolved differently on

appeal, or are adequate to deserve encouragement to proceed further.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In addition, Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(3).

For the foregoing reasons, Petitioner's motion is DENIED.

**IT IS SO ORDERED.**

      */s/ Michael R. Barrett*
      Judge Michael R. Barrett
      United States District Court